## EMMA CORNER *v.* JAMES E. ZUNTZ et al.

Where executory proceedings are enjoined on the allegations of fraud, and payment supported by affidavit, an injunction bond is not required to be given.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.

*T. W. Collens* and *M. M. Cohen*, for plaintiff and appellant. *P. E. Bonford* and *H. D. Ogden*, for defendant.

VOORHIES, J. The plaintiff having enjoined executory proceedings taken out by the defendants, upon certain mortgage notes transferred to them by the payee, a rule was taken by the transferree to have the injunction dissolved, on the ground :

1st. That the plaintiff gave no bond ; and,

2dly. That no cause of action is disclosed by the pleadings.

The District Judge sustained the rule on the first ground, and dissolved the injunction.

The plaintiff appealed.

<div style="margin-left:auto">CORNER
v.
ZUNTZ.</div>

If her allegations of fraud and payment be taken for true, and that the defendant came by the notes since their maturity, she evidently has a cause of action. Her sworn statements to that effect, also dispense her from furnishing a bond of injunction. The 740th Article C. P. reads : " When the Judge grants an injunction, on the allegation, under oath, of any of the reasons mentioned in the preceding Article, he shall require no surety from the defendant, but he shall pronounce summarily on the merits of his opposition, if the plaintiff requires it, as explained below.

Now, by the preceding Article, a debtor may arrest the sale of his property by alleging : " That he has paid the debt for which he is sued," and also, " that the act containing the privilege or mortgage, is forged," or " that it was obtained by fraud, violence, fear, or some other unlawful means." C. P. 739.

It is, therefored, ordered and decreed, that the judgment of the District Court be reversed and avoided ; and that the case be remanded for further proceedings according to law ; the appellee paying the costs of appeal.